UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-60054-CR-ALTMAN/HUNT


UNITED STATES OF AMERICA,

        Plaintiff,

vs.


MICHAEL FITZGERALD MCGREGOR,

        Defendant.
_____/


## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the undersigned on an Order of Reference (ECF
No. 15) from United States District Judge Roy K. Altman, for the purpose of conducting a
proceeding for acceptance of a guilty plea by Defendant Michael McGregor in the
above-referenced case.   The undersigned, having conducted a Change of Plea hearing
on September 22, 2020, recommends to the District Court as follows:

    1.   On September 22, 2020, the undersigned held a hearing via video conference
(Zoom) to permit Defendant, Michael McGregor, to enter a change of plea.   At the
outset of the hearing, the undersigned advised Defendant of his right to have these
proceedings conducted by the District Judge assigned to the case.   Further, Defendant
was advised that the Change of Plea hearing was being conducted on an Order of
Reference from the District Judge, at the request of Defendant, Defendant's attorney,
and the Assistant United States Attorney assigned to this case.   The undersigned

further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2.   Defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge.   Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing.

3.   Defendant also consented to holding the hearing by video conference.   Both Parties agreed that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution that they were eager to finalize, and they did not want to further delay the matter.   Further, a prompt resolution of this matter will speed up the prison designation process to relocate Defendant to a (hopefully) safer environment. Accordingly, pursuant to S.D. Fla. Administrative Orders 2020-23, -40, -53 and -66, the undersigned finds that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

4.   The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

5.   The Parties have entered into a written Plea Agreement.   ECF No. 17.   The undersigned reviewed the Plea Agreement on the record and had Defendant

acknowledge that he signed and understood the Plea Agreement.   The undersigned also made certain that Defendant was aware of any applicable mandatory minimum sentences (there are none) and statutory enhancements (there are none other than the increased statutory maximum on the reentry charge due to Defendant's prior conviction for an aggravated felony).   Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes. Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, restitution, forfeiture and special assessments) that could be imposed in this case.

6.   Defendant pleaded guilty to Counts 1 and 11 of the Indictment, which charge him with encouraging and inducing an alien to enter the United States and illegal reentry of a removed alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1326(a) and (b)(2). Defendant also consented to the forfeiture count, and waived all constitutional and other defenses to forfeiture, as well as any right to appeal any forfeiture order.   There is no general appellate waiver in the plea agreement.   The remaining counts pertaining to Defendant will be dismissed after sentencing.

7.   The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 16), which includes all the essential elements of the crimes to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable.   Defendant acknowledged on the record that he had read and signed the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that the proffer included the essential elements of the offenses to which he is pleading guilty.   The Parties noted that the filed proffer

3

contained a typographical error in that the actual date of the offense was January 25, 2020, not 2019.

8.   The undersigned advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

9.   Defendant expressed satisfaction with his counsel's representation.

10.   Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, Michael McGregor, be found to have freely and voluntarily entered his guilty pleas to Counts 1 and 11 of the Indictment as more particularly described herein and that he be adjudged guilty of these offenses.

11.   A Presentence Investigation Report (PSI) will be prepared for the District Court by the United States Probation Office.   **Sentencing has been set for December 11, 2020, at 2:00 p.m. in Fort Lauderdale Courtroom 207A before the Honorable Roy K. Altman, United States District Judge.**   The Parties were advised of this date and time.   Defendant's oral consent to proceed by video conference applies to the change of plea hearing only and does not waive his right to be present in court at sentencing unless additional findings are made by the District Judge.

Accordingly, the undersigned RECOMMENDS that Michael McGregor's plea of guilty be accepted, that Defendant be adjudged guilty of the offenses to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge.   Failure to file

objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.   *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).  **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

            DONE AND SUBMITTED at Fort Lauderdale, Florida, this 22nd day of September, 2020.

_____

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Roy K. Altman
U.S. Probation
All counsel of record